UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ROGER D. CRAWLEY**                                                                **PETITIONER**

**v.**                             **CIVIL ACTION NO. 5:17-CV-70-TBR**

**DON BOTTOM**                                                                   **RESPONDENT**

## MEMORANDUM AND ORDER

Unrepresented by counsel, Petitioner, Roger D. Crawley, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus (DN 1). Therein, Petitioner seeks to challenge the constitutionality of his 1982 convictions in the Christian Circuit Court of robbery in the first degree and being a persistent felony offender.

Review of the Court's records reveals that Petitioner has previously filed a § 2254 petition challenging his 1982 convictions. *See Crawley v. Parker*, Civil Action No. 5:93CV-300-J. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Petitioner has failed to obtain panel certification prior to filing the instant petition in the district court.

Therefore, **IT IS ORDERED** that the petition under 28 U.S.C. § 2254 for writ of habeas corpus (DN 1) is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[1]

Date:

cc: Petitioner, *pro se*
 Respondent
 Clerk, Sixth Circuit
4413.009

---

[1] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").